**FILED**

Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jgriffis at 2:43 pm, Jul 10, 2009

UNITED STATES BANKRUPTCY COURT
~~FOR THE SOUTHERN DISTRICT OF GEORGIA~~
Augusta Division

| | | |
|---|---|---|
| IN RE: JAMES MIMS, JR. and<br>PATTY A. MIMS, | ) | CHAPTER 13 |
| | ) | |
| Debtor(s). | ) | CASE NO. 08-11432-SDB |

**AMENDED ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

MOVANT: GREEN TREE SERVICING, LLC

SUBJECT PROPERTY: one 1999 Autumn manufactured home as described in the security documents attached to Movant's motion

Co-Debtor (if applicable):

After notice and a hearing, the motion for relief from the automatic stay is ordered:

☐ Granted.

☐ Granted. The Trustee shall reduce Movant's claim relating to this collateral to the amount paid. Not withstanding any contrary provisions contained in the Plan, Movant is granted leave to seek allowance of a deficiency claim, if appropriate. Upon the granting of relief, Movant is free to exercise its remedies under applicable state law and the provisions of its Contract, including the foreclosure and liquidation of the Collateral and/or contacting the Debtor as necessary upon delinquency to determine his/her intentions with respect to the Collateral and/or to verify the vacancy of the Collateral.

☐ Denied.   ☐ Denied on an interim basis and continued hearing assigned.

☒ Denied on the condition that:

  ☒ The Debtor make timely post-petition payments as required by the Chapter 13 plan.

  ☒ The Debtor tender payments to the Movant or take other action as follows:

  ☒ Post-Petition arrearage is $ 2,311.60 through the 5/19/09 payment due date, plus attorney's fees of $ 400- and court costs of $ 156-, for a total arrearage of $ 2,867.60

  ☐ Debtor shall pay to Movant sum of $ _____ on or before _____, which sum shall be applied to the above referenced total arrearage.

  ☐ Debtor shall cure the foregoing arrearage in full by making additional monthly payments to Movant in the sum of $ _____ per month beginning _____ and continuing on the _____ day of each successive month thereafter, with a final additional payment of $ _____ being due on or before _____.

  ☒ Debtor shall recommence making regular monthly payments to Movant, as same come due under the applicable loan documents, including any insurance premiums which may come due thereunder, (subject to adjustment if provided in the contract) beginning 06/19/09, and maintain current monthly payments thereunder for the pendency of this case. All Payments must include the following Green Tree Account No. XXXX1360 and shall be sent to the following address, depending on the type of payment:

  Debtor Payments: Green Tree Servicing, LLC   Trustee Payments:   Green Tree Servicing, LLC
  Post Office Box 94710                                              345 Saint Peters Street
  Palatine, IL 60094-4710                                            Landmark Towers, Suite 800
                                                                     Saint Paul, MN 55102-1211

  *and post-petition arrears to*

  ☒ Green Tree is authorized to file an additional secured claim in the amount of $ 2,867.60 for attorney fees and costs associated with this Motion. Green Tree shall receive post-petition payments on this claim through distributions from the Chapter 13 Trustee.

  ☒ Debtor shall maintain adequate full comprehensive physical damage insurance on the above collateral at all times naming Movant as "loss payee" under the policy, providing proof of same to Movant.

  ☒ Debtor shall pay force-placed insurance premiums directly to Movant beginning 06/19/09 and continuing on the same day of each successive month thereafter until debtor provides Movant with proof of adequate physical damage insurance on the collateral.

  ☒ Green Tree authorized to file a claim in the case for any property tax and/or insurance that has accrued on the account and that is not funded through the Debtor's Chapter 13 Plan, subject to objections.

IT IS FURTHER ORDERED:

That in the event the Debtor fails to comply with the terms of this order or this matter is converted to one under Chapter 7, the Movant, through its attorney of record or authorized representative may, file an affidavit setting forth the default, served upon Debtor and Debtor's attorney, and upon the expiration of ten (10) days without the filing of a counteraffidavit by the Debtor disputing the fact of default, an order may be entered terminating the automatic and Co-Debtor stay, converting the case to a Chapter 7, or dismissing the case without further motion, notice or hearing.

- In the event Debtor fails to make any future regular or additional monthly post-petition payments as same come due under the Contract, otherwise fails to comply with the terms and conditions of this Order or this matter is one converted to one under Chapter 7, Movant, through its attorney of record or authorized representative, may provide written notice of Debtor's default via first class mail addressed to Debtor and Debtor's counsel. In the event Debtor fails to cure any such default within ten (10) days from the date of said written notice, Movant may renew its request for relief from the automatic stay by submission to the Court of an Affidavit certifying the existence of the alleged default, together with a copy of the written notices required by this Order, and the Court may grant Movant relief from the automatic stay without further notice or hearing. Provided, however, that Movant shall only be required to provide Debtor written notice of Debtor's default and a right to cure hereunder two (2) times during any period while the strict compliance terms of this Order remain in effect, and upon Debtor's third default or any default thereafter, Movant may immediately file an Affidavit requesting relief from the automatic stay in accordance with the terms herein.

- Upon any future granting of relief in accordance with the above strict compliance provision, Debtor agrees that the ten (10) day stay provided by Rule 4001(a)(3) shall be waived and not apply.

- The Debtor is required to maintain physical damage insurance coverage, any elective insurance, and/or any property or personal taxes associated with aforementioned collateral. The Debtor agrees to reimburse Green Tree per scheduled payments for any force-placed insurance, voluntary insurance, or advanced funds to satisfy unpaid or unclaimed taxes to prevent loss or lien. Should the debtor obtain outside insurance coverage or desire to cancel any elective insurance, a written, signed and dated request to cancel the Green Tree policy must be sent to Green Tree. In reference to the cancellation of physical damage insurance, the written request must be sent within 15 days of the effective date of the outside insurance.

- In the event of the granting of relief from stay by this Court, Movant (Green Tree) and the Debtor(s) agree to and stipulate that Movant's Claim(s) will be disallowed in their entirety (Claim 1 and 1.1) and the Chapter 13 Trustee is directed to stop and cease payment of said Claim(s). Movant, thereafter, is permitted to file a deficiency claim upon the liquidation of the above described Collateral, subject to the Debtor(s)' and the Trustee's right to object to the amount and/or the status of such later-filed Claim.

- Other provisions: This order replaces the previous order enter as to Green Tree's motion for relief

Dated this 10th day of July, 2009.

Susan D. Barrett
United States Bankruptcy Judge

PREPARED BY:
Daniel C. Jenkins
State Bar No. 142345
ELLIS, PAINTER, RATTERREE & ADAMS LLP
Post Office Box 9946
Savannah, Georgia 31412

CONSENTED TO:

State Bar No. 636505
Attorney for Debtor(s)

NO OPPOSITION:

Chapter 13 Trustee
State Bar No.

[226864.1] 002444-000001